UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aaron Olson,

        Plaintiff,

v.

James Kambiri, et al,

        Defendants.

No. 13-cv-1777 (DWF/LIB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Hon. Donovan W. Frank's Order of Reference, [Docket No. 10] (referring all dispositive and non-dispositive motions to the undersigned),[1] and upon Plaintiff's Motion for Injunctive Relief by Default. [Docket No. 30] (hereinafter, "Motion for Default Judgment").[2] For the reasons set forth below, the Court recommends that the Motion, [Docket No. 30], be **DENIED without prejudice**.

I.    **BACKGROUND**

The general background of this case has been previously set forth by this Court, and need not be repeated here.[3] For purposes of the present Motion, the Court notes the following facts:

---

[1] Incidentally, Plaintiff notes in his Motion for Injunctive Relief by Default, [Docket No. 30], that he attempted to schedule a hearing on the motion by "contacting the presiding district judge's courtroom deputy" and leaving a message. In light of Judge Frank's Order of Reference, [Docket No. 10], parties seeking to schedule motions should do so by contacting the chambers of the undersigned Magistrate Judge, and not Judge Frank's chambers.

[2] Plaintiff styles his motion as a "Motion for Injunctive Relief by Default," and does not specify which Rule of the Federal Rules of Civil Procedure serves as the basis for his Motion. (See Mot. Default J. [Docket No. 30]). However, the relief that Plaintiff seeks is an Order of Judgment on his underlying claim. (Id.). Therefore, reading Plaintiff's Motion liberally, as this Court is required to do with *pro se* pleadings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), the Court construes Plaintiff's Motion as a Motion for Default Judgment under Fed. R. Civ. P. 55(b).

[3] See Order [Docket No. 29], at 1-2.

1

Aaron Olson ("Plaintiff") is proceeding *pro se*, and on August 12, 2013, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (Order [Docket No. 6]). Summons were issued by the Court on September 4, 2013, including summons directed to the U.S. Secretary of State John F. Kerry ("Secretary Kerry") and to U.S. Attorney General Eric H. Holder ("General Holder"). (See Docket No. 7). The docket reflects that Plaintiff attempted to serve Secretary Kerry and General Holder when the summons and Amended Complaint, [Docket No. 5], were mailed to them via U.S. Mail on September 19, 2013. (Summons Returned Executed, [Docket No. 23], at 5-8). As of this date, Defendants Secretary Kerry and the U.S. Department of State (the "Federal Defendants") have not answered or otherwise made an appearance in this matter.

## II.  MOTION FOR DEFAULT JUDGMENT [Docket No. 30]

On November 20, 2013, Plaintiff filed his present Motion for Default Judgment, [Docket No. 30], in which he alleges that the above Federal Defendants are in default. The Federal Rules of Civil Procedure ("Federal Rules" or "Fed. R. Civ. P.") provide that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2).

However, it appears from the Docket the Federal Defendants are not required to answer because Plaintiff has not yet in fact properly perfected service on them. In a suit against the United States, in order to perfect service, the Federal Rules require that a plaintiff:

(A)
    **(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an**

> **assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the clerk of court—or**
>
> > **(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;**
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1) (emphasis added). Although the record appears to reflect that Plaintiff has complied with Fed. R. Civ. P. 4(i)(1)(B) and (C) by serving General Holder and Secretary Kerry, respectively, there is **no** evidence in the record that Plaintiff has served the required copy of the summons and Amended Complaint on the U.S. Attorney for the District of Minnesota, as required by Fed. R. Civ. P. 4(i)(1)(A).

Because the deadline for the Federal Defendants to answer is calculated from the time that service is perfected, if service has not been perfected—as appears to be the case here—then the Federal Defendants are not required to answer, and the Court cannot grant default judgment against them.[4]

---

[4] However, if Plaintiff perfects service on the Federal Defendants, or demonstrates that he already has perfected service on them, and they fail to answer or otherwise respond to his Amended Complaint within the deadline provided by Fed. R. Civ. P. 12(a)(2), then Plaintiff may seek an entry of default at that time.

Additionally, even if Plaintiff had perfected service on the Federal Defendants and they had failed to timely answer, Plaintiff's Motion for Default Judgment, [Docket No. 30], would be premature. The Federal Rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After first obtaining an entry of default, a party may then seek default judgment by application to the Court. Fed. R. Civ. P. 55(b)(2). Therefore, not only has Plaintiff not perfected service on the Federal Defendants, but procedurally, Plaintiff's motion under Rule 55(b) would have failed because he did not first obtain an entry of default under Rule 55(a). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"). In the present case, the docket demonstrates that Plaintiff has not sought a clerk's entry of default against the Federal Defendants. *Pro se* parties are not excused from complying with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Injunctive Relief by Default, [Docket No. 30], be **DENIED without prejudice**, as set forth above.

BY THE COURT:

DATED: November 22, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 6, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.