UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Aaron Olson,                                       No. 13-cv-1777 (DWF/LIB)

      Plaintiff,

v.                                                      **ORDER AND**
                                        **REPORT AND RECOMMENDATION**

James Kambiri, et al,

      Defendants.

---

This matter came before the undersigned United States Magistrate Judge upon the

Federal Defendants' Motion to Dismiss and for Summary Judgment, [Docket No. 52]

(hereinafter, "Federal Defendants' Motion to Dismiss");[1] upon Plaintiff's Combined Motions,

[Docket No. 68];[2] upon Plaintiff's Untitled Motion, [Docket No. 71];[3] and upon Plaintiff's

Motion to Amend Complaint to Add a Party, [Docket No. 75].[4]  The case has been referred to

the undersigned Magistrate Judge for a report and recommendation, (Order [Docket No. 10]

---

[1] Although the Federal Defendants style their Motion as seeking summary judgment, they made no substantive argument for summary judgment in either their written submissions to the Court or the June 9, 2014, motions hearing.  Consequently, this Court treats the Motion as merely a Motion to Dismiss.

[2] Docket No. 68 is styled: "Reply in Opposition to the Federal Defendants' Motion to Dismiss and Summary Judgment; Motion for Reconsideration of Habeas Corpus Status, or in the Alternative, Motion for Order of Protection; Other Motions; Joinder of Claim for Violation of Eighth Amendment to the United States Constitution." For purposes of this Order and Report and Recommendation:
- When referring to the argument within Docket No. 68 opposing the Federal Defendants' Motion to Dismiss, this Court refers to Docket No. 68 as "Plaintiff's Surreply"; and
- When referring to the multiple motions contained within Docket No. 68, this Court refers to Docket No. 68 as "Plaintiff's Combined Motions."

[3] Docket No. 71 is styled: "Plaintiff/Petitioner's Supplement to Memorandum in Opposition to the Federal Defendants' Motion to Dismiss, and Plaintiff/Petitioner's Motion."  For purposes of this Order and Report and Recommendation:
- When referring to the argument within Docket No. 71 opposing the Federal Defendants' Motion to Dismiss, this Court refers to Docket No. 71 as "Plaintiff's Supplemental Memorandum"; and
- When referring to the motion contained within Docket No. 71, this Court refers to Docket No. 71 as "Plaintiff's Untitled Motion."

[4] Docket No. 75 is styled: "Joinder of Party."  For reasons set forth in greater detail in Part V, infra, this Court construes Docket No. 75 as a Motion to Amend Complaint to Add a Party.

(referring all dispositive and non-dispositive motions)), pursuant to Title 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, this Court recommends that the Federal Defendants' Motion to Dismiss, [Docket No. 52], be **GRANTED**, and that Plaintiff's claims against the Federal Defendants be **DISMISSED** **with** **prejudice**. Additionally, the Court Orders that Plaintiff's Combined Motions, [Docket No. 68]; and Plaintiff's Untitled Motion, [Docket No. 71]; and Plaintiff's Motion to Amend Complaint to Add a Party, [Docket No. 75], are **DENIED**.

## I.      BACKGROUND

Aaron Olson ("Plaintiff"), proceeding *pro se*, initiated this civil rights action on or about July 8, 2013, by filing his Complaint, [Docket No. 1], and an Application to Proceed *In Forma Pauperis* ("IFP"), [Docket No. 2]. The Court instructed Plaintiff to file an Amended Complaint to remedy certain deficiencies in his original Complaint. (Order [Docket No. 3]). Plaintiff complied on or about July 17, 2013, by filing his Amended Complaint, [Docket No. 5], which is the operative complaint in this case. Subsequently, the Court granted his IFP Application. (Order [Docket No. 6]).

A more detailed background of this case was recently set forth in this Court's prior Order and Report and Recommendation, [Docket No. 57] (hereinafter, "Report and Recommendation"), which is incorporated herein. For purposes of the present Motion, in summary, Plaintiff has sued various Federal, State, and Ramsey County entities and officials alleging that the suspension of his passport privileges as a sanction for his nonpayment of child support arrearages constitutes a violation of his due process rights and of the Americans with Disabilities Act (the "ADA"). (See Am. Compl. [Docket No. 5]). The State Defendants[5] and the

_____

[5] The "State Defendants" were the State of Minnesota and Minnesota Attorney General Lori Swanson.

County Defendants[6] have been dismissed from this case.  (Order and R&R [Docket No. 57] (recommending dismissal of claims against State Defendants and County Defendants); Order [Docket No. 74] (adopting R&R)).

The remaining defendants are the U.S. State Department and Secretary of State John Kerry (the "Federal Defendants").  (See Am. Compl. [Docket No. 5]).  Affording the Amended Complaint a liberal construction, as this Court is required to do with *pro se* pleadings,[7] Plaintiff seeks an injunction barring them from suspending or otherwise limiting his passport privileges. (Am. Compl. [Docket No. 5], at ¶¶ 3, 5; see also Part II.B.1, infra).

The Federal Defendants made the present Motion to Dismiss, [Docket No. 52], on April 4, 2014.  Subsequently, on April 28, 2014, Plaintiff filed his Response.  [Docket No. 58].  The Federal Defendants filed their Reply, [Docket No. 62], on May 14, 2014, at which time the Motion was fully briefed.  Nonetheless, Plaintiff filed a surreply, [Docket No. 68], on May 30, 2014, without first obtaining permission from the Court.[8]

Also on May 30, 2014, Plaintiff called this Court to schedule a hearing on a motion for protective order, which is presently scheduled for July 14, 2014, at 2:00 p.m., in Courtroom 8E of the U.S. Courthouse in Minneapolis, Minnesota, and he made his Combined Motions. [Docket No. 68].  Subsequently, on June 9, 2014, the same date as the hearing on the Federal Defendants' Motion to Dismiss, Plaintiff filed his Supplemental Memorandum and made his

---

[6] The "County Defendants" were Ramsey County and James Kambiri.

[7] Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

[8] The Local Rules do not provide for a party opposing a dispositive motion to file a surreply as of right.  L.R. 7.1(c)(1)-(3) (providing for a memorandum in support of the motion by the movant, a memorandum in response by the party opposing the motion, and a reply memorandum by the movant).  Rather, the Local Rules expressly provide that, "[e]xcept with the court's prior permission, a party **must not** file a memorandum of law except as expressly allowed under LR 7.1."  L.R. 7.1(i) (emphasis added).  Plaintiff did not seek permission before filing his Surreply, [Docket No. 68], and therefore, Plaintiff's Surreply was filed in violation of the Local Rules.  Nevertheless for purposes of the present Federal Defendants' Motion to Dismiss, [Docket No. 52], the Court will consider the arguments contained therein.

Untitled Motion.  [Docket No. 71].  And most recently, on June 27, 2014, Plaintiff made his

Motion to Amend Complaint to Add a Party.  [Docket No. 75].  The Federal Defendants have not

filed written responses to the late filed Motions contained within Docket Nos. 68, 71, and 75.

## II.      FEDERAL DEFENDANTS' MOTION TO DISMISS [Docket No. 52]

The Federal Defendants seek an order dismissing the case against them pursuant to Rule

12(b)(1), arguing that Plaintiff has failed to demonstrate that he has standing, and therefore, that

this Court lacks subject matter jurisdiction.  (Fed. Defs.' Mot Dismiss [Docket No. 52], at 1).

Additionally, and in the alternative, the Federal Defendants seek an order dismissing the case

against them pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

granted, arguing that Plaintiff's Complaint does not sufficiently allege the elements required for

injunctive relief.  (See Fed. Defs.' Mem. Supp. Mot. Dismiss [Docket No. 53] (hereinafter,

"Federal Defendants' Memorandum"), at 7-16).[9]

### A.  Standing and Subject Matter Jurisdiction

#### 1.  Facts relevant to Standing and Subject Matter Jurisdiction[10]

Plaintiff applied for a passport in 1998; his application was approved and his passport

was issued on December 2, 1998.  (Fed. Defs.' Ex. 1 [Docket No. 54-1], at 4[11]).  From the fact

---

[9] Although the Federal Defendants do not expressly identify their Motion as seeking dismissal pursuant to Rule 12(b)(6), their argument that "Plaintiff is not entitled to injunctive relief," (Fed. Defs.' Mem. [Docket No. 53], at 7), implicitly contends that Plaintiff has failed to state a claim upon which relief can be granted.  Additionally, the Court observes that Plaintiff directly responds to this argument, and does so with the understanding that the argument is part of the Federal Defendants' Motion to Dismiss.  (See Pl.'s Resp. [Docket No. 58], at 4-10).  Therefore, this Court finds that there is no prejudice to Plaintiff in construing the Federal Defendants' Motion in this manner.

[10] When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may consider facts beyond the Complaint in order to decide the merits of the jurisdictional claims.  Stadther v. Dep't of Homeland Sec., No. 11-cv-1297 (DWF/JJG), 2012 U.S. Dist. LEXIS 138362, at *6 (D. Minn. Aug. 7, 2012) (Graham, M.J.) (citing Osborn v. United States, 918 F.2d 724, 729-30 and n.6 (8th Cir. 1990)), adopted by 2012 U.S. Dist. LEXIS 136774 (D. Minn. Sept. 25, 2012) (Frank, J.).

[11] Plaintiff's passport application, which is page 4 of the Federal Defendants' Exhibit 1, was illegible as originally submitted.  A better copy was subsequently submitted to the Court, and it is docketed at Docket No. 69.  Hereinafter, all references to the Federal Defendants' Exhibit 1, [Docket No. 54-1], incorporate Docket No. 69.  The U.S. State

that the entirety of Plaintiff's passport file consists of his one-page application made in 1998, the Court may presume two material facts:  First, this Court takes judicial notice that a U.S. passport is valid for no more than ten years,[12] and therefore, the Court may presume that Plaintiff's passport expired no later than approximately December 2, 2008.[13]  Second, the Court may presume that, as of March 19, 2014, the date of certification of the Federal Defendants' Exhibit 1, ([Docket No. 54-1], at 1-3), the U.S. State Department had not taken any adverse action with regard to Plaintiff's passport status, i.e., that it had not revoked or suspended Plaintiff's passport.

**2.  Discussion**

"Standing is the constitutional requirement, imposed by the 'cases or controversies' provision of Article III, that a plaintiff must allege a judicially cognizable and redressable injury in order to pursue a lawsuit."  Ben Oehrleins and Sons and Daughter, Inc. v. Hennepin Cnty., 115 F.3d 1372, 1378 (8th Cir. 1997) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)).

> To establish standing, a plaintiff must demonstrate three minimal constitutional requirements: (1) an "injury in fact" that is both (a) concrete and particularized, and (b) actual or imminent, rather than conjectural or hypothetical; (2) a causal connection between the alleged injury and the defendant's conduct; that is, that the injury is "fairly traceable" to the challenged action; and (3) that it is likely that a favorable decision will redress the injury.

Id.

---

Department has certified that Federal Defendants' Exhibit 1, [Docket No. 54-1], constitutes the entirety of Plaintiff's passport file.  (Fed. Defs.' Ex. 1 [Docket No. 54-1], at 1-3).

[12] See U.S. Department of State, "U.S. Passports & International Travel, Frequently Asked Questions," http://travel.state.gov/content/passports/english/passports/FAQs.html ("**How long is a passport valid and when should I renew my passport?**  If you were **age 16 or older** when your passport was issued, your passport is valid for **10 years.**  If you were **age 15 or younger** when your passport was issued, your passport is valid for **5 years.**" (Emphasis added)).

[13] Plaintiff acknowledged at the June 9, 2014, motion hearing that his passport had expired approximately five years ago, which generally comports with this Court's presumption that Plaintiff's passport expired on or about December 2, 2008; the Federal Defendants did not dispute that Plaintiff's passport had expired.  The Court also observes that Plaintiff's passport application is stamped, "EXP," although that entry is neither explained nor dated.

Although the Federal Defendants concede that Plaintiff has a liberty interest in international travel, they argue that Plaintiff lacks standing because he has shown no "injury in fact," nor any impending injury to this liberty interest: "He does not claim that he has traveled, or will travel internationally.  Likewise, he has not applied to renew his passport.  . . .  Hence, Plaintiff has failed to establish standing."  (Fed. Defs.' Mem. [Docket No. 53], at 10-11).

The Federal statute that provides for passport action as a sanction for failure to pay child support provides, in relevant part:

> (1) If the Secretary [of Health and Human Services] receives a certification by a State agency in accordance with the requirements of section 654 (31) of this title that an individual owes arrearages of child support in an amount exceeding $2,500, the Secretary shall transmit such certification to the Secretary of State for action (with respect to denial, revocation, or limitation of passports) pursuant to paragraph (2).
>
> (2) *The Secretary of State shall*, upon certification by the Secretary transmitted under paragraph (1), *refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual*.

42 U.S.C. § 652(k)(1)-(2) (emphasis added).  As the highlighted language demonstrates, there is a dichotomy in the statute: If a state certifies that a person's child support arrearage exceeds $2,500.00, and that person *already has a passport*, then the U.S. State Department has discretion to "revoke, restrict, or limit" that person's passport.  However, if a state certifies that a person's child support arrearage exceeds $2,500.00, and that person *does not have a passport*, then there is no discretion, and the U.S. State Department "shall . . . refuse to issue a passport to such an individual."[14]

The Federal Defendants' argument that Plaintiff has shown no "impending injury" was

---

[14] This dichotomy is also reflected in the U.S. State Department's regulations.  Compare 22 C.F.R. § 51.60(a)(2) (barring the U.S. State Department from issuing a passport to an applicant who has been certified as having child support arrears exceeding $2,500.00), with 22 C.F.R. § 51.62 (a)(1) (affording the U.S. State Department discretion to "revoke or limit" a person's passport when that person has been certified as having child support arrears exceeding $2,500.00).

premised on the fact that the U.S. State Department has, to date, taken no adverse action against Plaintiff.  However, at the June 9, 2014, motion hearing the Federal Defendants did not dispute the fact that Plaintiff's passport has expired.  Because Plaintiff does not currently have a valid passport, in order to obtain one he would be required to apply for a new passport, and the U.S. State Department would be required to deny his application pursuant to both statute, 42 U.S.C. § 652(k)(2), and the Department's regulations, 22 C.F.R. § 51.60(a)(2).  At the June 9, 2014, motion hearing, the Federal Defendants acknowledged this dichotomy, and counsel for the Federal Defendants expressly stated, based on the certification of Plaintiff's child support arrears, that if Plaintiff applied now for a new passport the U.S. State Department would deny his application.  Thus, this Court concludes that, because Plaintiff is effectively presently barred by the Federal Defendants from obtaining a passport as a consequence of his child support arrearage, Plaintiff has suffered an "injury in fact" sufficient to give him standing to bring his present claims for injunctive relief against the Federal Defendants.

**B.  Failure to State a Claim Upon which Relief can be Granted**

**1.  Facts**[15]

This Court made a detailed recitation of the facts of this case in its prior Report and Recommendation, ([Docket No. 57], at 3-7), which are incorporated herein.  For purposes of the present Federal Defendants' Motion to Dismiss, [Docket No. 52], the following facts are material:

On January 31, 2006, Plaintiff was ordered to pay child support in the amount of $197.00

---

[15] When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint."  PureChoice, Inc. v. Macke, No. 07-cv-1290 (DWF/SRN), 2007 U.S. Dist. LEXIS 50284, at *13 (D. Minn. July 10, 2007) (Frank, J.) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).  "[F]or the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true . . . ."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

per month.  (Report & Recommendation [Docket No. 57], at 3).  In May 2006, Plaintiff was advised that he was in arrears on his child support, and subsequently, on September 25, 2006, Ramsey County Child Support and Collections specifically advised Plaintiff that if his arrearage exceeded $2,500.00, the U.S. State Department might refuse to issue him a passport.  (Id. at 3-4).  Since then, Plaintiff has repeatedly sought reductions in his child support obligation, and the Minnesota state courts have repeatedly denied his motions.  (Id. at 4 (citations to the record omitted)).  Specifically, on July 2, 2010, the state court expressly held that Plaintiff's receipt of Social Security disability benefits at that time did not excuse him from his child support obligation.  (Id. at 4-5 (citations to the record omitted)).  Subsequently, after the Social Security Administration awarded Plaintiff Supplemental Security Income benefits, Ramsey County agreed to voluntarily waive more than $6,000.00 in fees that were owed to the County and/or the State; however, the state court held that Plaintiff still owed several thousand dollars in child support, which could not be retroactively modified.  (Id. at 5 (citations to the record omitted)).

Meanwhile, sometime between 2007 and 2010, Ramsey County advised the State of Minnesota that Plaintiff's child support arrearage exceeded $2,500.00.  (Am. Compl. [Docket No. 5], at ¶ 3).  The State subsequently advised the U.S. Secretary of Health and Human Services, who in turn advised the Secretary of State, thereby making Plaintiff ineligible for a new passport.  (Id.).  As a result, Plaintiff alleges two claims against the Federal Defendants.  First, he alleges that the Federal Defendants' failure to afford him a hearing with regard to his ability to obtain a passport constitutes a violation of the due process clause of the Fifth Amendment.  (Id.).  Second, he alleges that the Federal Defendants are "bound by the Americans with Disabilities Act (ADA)," and that "[i]t is a violation of the reasonable accommodations provision under the ADA to hold Plaintiff to strict and permanent procedural deadlines for arguing against child-

support measures while Plaintiff is disabled."  (<u>Id.</u> at ¶ 5).  With regard to both claims, Plaintiff

seeks an injunction barring the Federal Defendants from suspending or otherwise limiting his

passport privileges.  (<u>Id.</u> at ¶ 3 ("Plaintiff now asks this Federal Court to enjoin the United States

Department of State and the U.S. Secretary of State to reinstate Plaintiff's passport rights until a

federal hearing is offered where Plaintiff can argue against such action."); ¶ 5 ("Plaintiff requests

a federal hearing to address [his ADA] arguments and a federal injunction against the U.S.

Department of State, [and] U.S. Secretary of State . . . in their use of passport revocation and

other child-support enforcement penalties against Plaintiff until Plaintiff has had an opportunity

to make his disability arguments in federal court.")).

###    2.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  In addressing a motion to dismiss pursuant

to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint

and construe those facts in the light most favorable to the plaintiff."  <u>Riley v. St. Louis County of</u>

<u>Mo.</u>, 153 F.3d 627, 629 (8th Cir. 1998) (citing <u>Double D Spotting Serv., Inc. v. Supervalu, Inc.</u>,

136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999).  All reasonable inferences

must be drawn in favor of the nonmoving party.  <u>See</u> <u>Maki v. Allete, Inc.</u>, 383 F.3d 740, 742 (8th

Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulistic recitation of the elements of a cause

of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal

quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 556-67. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

**3. Discussion**

A party seeking injunctive relief must demonstrate the following four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Plaintiff has not pled sufficient factual allegations to meet this high standard.

"Because the probability of 'success on the merits has been referred to as the most important of the four factors,' we consider it first." Arnzen v. Palmer, 713 F.3d 369, 372 (8th Cir. 2013) (quoting Roudachevski v. All-American Care Ctrs., Inc., 648 F.3d 701, 706 (8th Cir. 2011) (internal edit and citation omitted)).

With regard to his due process claim, Plaintiff cannot demonstrate that he is likely to succeed on the merits, because the District Court has already determined that Plaintiff received adequate due process in the Minnesota state courts. (Report & Recommendation, [Docket No. 57], at 9 n.12, at 12-14 (citations omitted); Order [Docket No. 74] (adopting R&R). Plaintiff cites to no authority, and this Court is aware of none, that would require the U.S. State Department to hold a separate hearing before it could act upon a state's certification that a person

had in excess of $2,500.00 in child support arrearages.  On the contrary, in a previous child-support/passport-denial case, this District held that the state process satisfied the constitutional requirement of procedural due process.  Risenhoover v. Wash. Cnty. Cmty. Servs., 545 F. Supp. 2d 885, 890 (D. Minn. 2007) (Montgomery, J.) (citing Eunique v. Powell, 302 F.3d 971 (9th Cir. 2002); Weinstein v. Albright, 261 F.3d 127 (2d Cir. 2001)).[16]

With regard to his ADA claim, Plaintiff also cannot demonstrate a likelihood of success on the merits.  As explained in this Court's prior Report and Recommendation, although there is no dispute that Plaintiff is receiving Social Security disability benefits, Plaintiff has failed to demonstrate that he is a "qualified individual with a disability" for purposes of the ADA. (Report and Recommendation [Docket No. 57], at 14-16 (citations omitted); Order [Docket No. 74] (adopting R&R)).  Additionally, it again appears that the accommodation that Plaintiff seeks for his "disability" is that he be exempted from the federal law that allows passport-related sanctions against a person who fails to pay child support, and/or that he be relieved of his legal obligation under state law to make good on his child support obligation.  Plaintiff cites to no authority, and this Court has found none, that would suggest that the ADA serves to exempt even disabled persons from complying with otherwise valid federal and state laws.

Consequently, this Court finds that Plaintiff cannot demonstrate that his claims, as plead, for injunctive relief against the Federal Government are likely to succeed on the merits.

Additionally, this District has previously held that the public interest weighs against

_____

[16] Because Plaintiff specifically argues that the Federal Defendants' failure to provide him a hearing violated his right to due process, this Court construes his claim as asserting a violation of *procedural* due process.  However, to the extent that Plaintiff's Amended Complaint could be construed as asserting a claim that the Federal Defendants violated his right to *substantive* due process, this District has also rejected such an argument.  (Report & Recommendation [Docket No. 57], at 14 n. 17 (quoting Risenhoover, 545 F. Supp. 2d at 890), Order [Docket No. 74] (adopting R&R)).

claims like those made by Plaintiff:

> Congress has an important interest in parents paying child support "because unsupported children must often look to the public fisc, including the federal treasury, for financial sustenance." Eunique, 302 F.3d at 975. The passport denial statute is substantially related to this interest because it focuses the mind of a parent, such as Petitioner, who wishes to travel internationally "on a more important concern--the need to support one's children first." Id.

Risenhoover, 545 F. Supp. 2d at 890. In light of Judge Montgomery's finding in Risenhoover, and the lack of any articulated public interest in favor of issuing an injunction, this factor also weighs against Plaintiff's claims as pled.

Because Plaintiff has not demonstrated a probability of success on the merits, and because the public interest weighs against giving Plaintiff the injunctive relief that he seeks, the Court need not proceed to the other two factors (the threat of irreparable harm, and the balance of the harms) in order to determine that Plaintiff has failed to allege facts sufficient to state a claim for the injunctive relief that he seeks against the Federal Defendants.

Consequently, this Court recommends that the Federal Defendants' Motion to Dismiss, [Docket No. 57], be **GRANTED**. Additionally, because Plaintiff's claims, as plead, against the Federal Defendants fail as a matter of law, this Court recommends that Plaintiff's claims against the Federal Defendants be **DISMISSED with prejudice**.[17]

---

[17] In response to the Federal Defendants' Motion to Dismiss, Plaintiff again asks this Court to construe his Amended Complaint as a petition for habeas corpus. (Pl.'s Surreply [Docket No. 68], at 1-2; Pl.'s Supplemental Mem. [Docket No. 71], at 1). However, as this Court observed in its prior Report and Recommendation, "this District has held that a person subject to the Federal government's child-support-related passport restrictions is not 'in custody' for purposes of habeas corpus jurisdiction." (Report & Recommendation [Docket No. 57], at 7 n.9 (quoting Risenhoover, 545 F. Supp. 2d at 888-89); Order [Docket No. 74] (adopting R&R)).

Plaintiff asks this Court to disregard the plain language of Risenhoover. However, his attempt to distinguish Risenhoover is not persuasive. The determination in that case that the petitioner was not in custody did not, as Plaintiff suggests, turn solely on the fact that the petitioner in Risenhoover was not in the United States; but rather, the petitioner in that case made substantively the same argument that Plaintiff makes in the present case: that "he [was] effectively in custody, wherever he [was], because he [was] unable to travel internationally without a passport." Risenhoover, 545 F. Supp. 2d at 889. The District Court flatly rejected that argument, Id. at 888-89, and Plaintiff offers no persuasive reason why this Court should hold otherwise.

III.     **PLAINTIFF'S COMBINED MOTIONS [Docket No. 68]**

In this multi-part Motion, Plaintiff seeks relief on a number of fronts.  For the reasons set forth below, each of the individual Motions contained within Plaintiff's Combined Motions, [Docket No. 68], is denied.

**A.  Plaintiff's Motion for Reconsideration of Habeas Status**

Plaintiff "first and foremost moves this Federal Court for reconsideration of its decision to decline Petitioner's request for hearing his passport reinstatement claim as a habeas corpus petition."  (Pl.'s Combined Mot. [Docket No. 68], at 1).  This Motion is denied.

Initially, this Court finds that Plaintiff's Motion for Reconsideration is directed to this Court, and not to the District Court.  The timeline demonstrates why this is so: This Court issued its prior Report and Recommendation, [Docket No. 57], on April 21, 2014; Plaintiff made his Motion for Reconsideration as part of Plaintiff's Combined Motions, [Docket No. 68] on May 30, 2014; and the District Court issued its Order, [Docket No. 74], adopting this Court's Report and Recommendation on June 18, 2014.  Thus, at the time that Plaintiff made the present Motion for Reconsideration, the District Court had issued no substantive Order to be reconsidered, and the Motion can therefore only have been directed to the undersigned.

However, in making his Motion for Reconsideration, Plaintiff did not comply with Local Rule 7.1, which provides, in relevant part:  "Except with the court's prior permission, a party **must not** file a motion to reconsider.  . . .  A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such

permission." L.R. 7.1(j) (emphasis added).[18]  Because Plaintiff did not seek permission from this

Court before making his Motion for Reconsideration, the Motion was procedurally improper.

Additionally, following this Court's prior Report and Recommendation, [Docket No. 57], Plaintiff on May 5, 2014, filed a timely Objection in which he specifically objected to this Court's recommendation that his Amended Complaint should not be construed as a habeas petition.  (Objection to R&R [Docket No. 60], at 14).  By making his Objection, Plaintiff placed the matter before the District Court, and the undersigned no longer had any authority to decide the issue, thus providing an additional reason that his May 30, 2014, Motion for Reconsideration was procedurally improper.

Finally, even if this Motion had been procedurally proper when it was made on May 30, 2014 (which it was not), at this time this Court would no longer have authority to reconsider the question of whether Plaintiff's Amended Complaint could be construed as a petition for habeas corpus, because on June 18, 2014, the District Court adopted this Court's Report and Recommendation in its entirety, (Order [Docket No. 74]), thereby deciding the matter.

Accordingly, Plaintiff's Motion for Reconsideration of Habeas Status, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**.

### B. Plaintiff's Alternative Motion to Certify Interlocutory Appeal

In the alternative to his Motion for Reconsideration, Plaintiff asks that this Court certify for interlocutory appeal the question of whether his Amended Complaint should be construed as a petition for habeas corpus.  (Pl.'s Combined Mots. [Docket No. 68], at 2).  Again, this Court denies the Motion.

---

[18] Although this Court recognizes that Plaintiff is proceeding *pro se*, the Court also observes that it has repeatedly reminded Plaintiff that his *pro se* status does not excuse him from compliance with the Local Rules.  (See Order [Docket No. 29], at 2-3; Order [Docket No. 33], at 3-4).

The Federal statute governing interlocutory appeals provides, in relevant part:

When a **district judge**, in making in a civil action **an order** not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  As made clear by the timeline provided in Part III.A, supra, Plaintiff's Motion to Certify Interlocutory Appeal was made on May 30, 2014, before the District Court had issued any substantive order, and therefore, the Motion can only have again been directed to the undersigned.  However, the undersigned is not a "district judge," and this Court's prior Report and Recommendation is not an "order" as contemplated by 28 U.S.C. § 1292(b).  (See Report & Recommendation [Docket No. 57], at 23, Notice ("This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.")).  Therefore, no interlocutory appeal can be made from this Court's prior Report and Recommendation.[19]

---

[19] Again, even if this Motion had been procedurally proper (which it is not), this Court would deny the motion for substantive reasons.  "Section 1292(b) establishes three criteria for certification: the district court must be 'of the opinion that' (1) the order 'involves a controlling question of law'; (2) 'as to which there is substantial ground for difference of opinion'; and (3) that certification will 'materially advance the ultimate termination of the litigation.'" White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (quoting Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979).

   In the present case, at least two of these three requirements are not met.  First, with regard to whether a person subject to child-support-related passport restrictions is "in custody" for purposes of habeas corpus jurisdiction, Plaintiff has made no showing whatsoever that this is an issue as to which there is substantial ground for difference of opinion, and therefore, he has failed to meet the second requirement.

   Additionally, even if Plaintiff could meet both of the first two requirements, he offers neither evidence nor argument for the proposition that an interlocutory appeal on this issue would materially advance the ultimate termination of the litigation.  In fact, Plaintiff already has filed his Notice of Appeal with regard to the District Court's Order, ([Docket No. 74] (adopting R&R).  Because this Court recommends dismissal of all of Plaintiff's remaining claims against the Federal Defendants, see Part II, supra, if this Report and Recommendation is also

Accordingly, Plaintiff's Alternative Motion to Certify Interlocutory Appeal, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**.

### C. **Plaintiff's Alternative Motion to Amend Complaint and for a Protective Order**

Also in the alternative to his Motion for Reconsideration, Plaintiff asks this Court (1) to allow him "to submit evidence establishing standing for injunctive relief, and to create an Order of Protection" with regard to Plaintiff's private medical data.  (Pl.'s Combined Mots. [Docket No. 68], at 2-4).  This motion is denied as moot.

As set forth in Part II.A, <u>supra</u>, this Court has already found that Plaintiff has standing to bring his present claims against the Federal Defendants.  Thus, there is no need for Plaintiff to submit any further evidence, nor any need for a protective order with regard to such evidence.  Consequently, Plaintiff's Alternative Motion to Amend Complaint and for a Protective Order, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**.

### D. **Plaintiff's Motion to Amend Complaint to Add Claim for Violation of the Eighth Amendment to the United States Constitution**

Plaintiff seeks to add a new claim against **<u>all</u>** Defendants asserting that "it is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment to maintain a penalty curtailing the travel rights of anyone who is legally recognized as unable to pay them."  (Pl.'s Combined Mots. [Docket No. 68], at 4).  Plaintiff styles this as a "joinder of claim."  (<u>Id.</u> at 1, 4).  However, Plaintiff may only assert a claim by means of a pleading, and therefore, this Court construes his "joinder of claim" as a Motion to Amend Complaint.  So construed, the motion is denied for both procedural and substantive reasons.

As a procedural matter, Plaintiff's Motion to Amend Complaint does not comply with the requirements of Local Rule 15.1.  This Court has repeatedly advised Plaintiff that, despite his *pro*

---

adopted Plaintiff will be in a position to directly appeal that decision as well.  Thus, there is no reason to believe that an interlocutory appeal at this time would materially advance the termination of this case.

*se* status, he is required to comply with the Local Rules.  (See Order [Docket No. 29], at 2-3;

Order [Docket No. 33], at 3-4).  Of particular relevance to the present Motion, on December 6,

2013, this Court denied without prejudice a previous Motion to Amend Complaint, [Docket No.

32], specifically because Plaintiff failed to comply with the local rules:

> Plaintiff failed to comply with Local Rule 15.1(b), which governs motions to
> amend pleadings, and which requires that a party seeking to amend his complaint
> file both (1) a clean copy of his proposed amended complaint, and (2) a copy of
> the proposed amended complaint that demonstrates how it differs from the
> operative complaint (in this case, how Plaintiff's proposed amended complaint
> differs from his current Amended Complaint [Docket No. 5]). L.R. 15.1(b).
> Plaintiff's compliance with Local Rule 15.1(b) is particularly important in light of
> the pending Motions to Dismiss, as the parties—and more important, the Court—
> cannot determine whether Plaintiff's proposed amended complaint would render
> those Motions to Dismiss moot unless Plaintiff provides a copy of the proposed
> amended complaint.

(Order [Docket No. 33], at 3-4).  Here again, Plaintiff has not provided the Court with a

proposed second amended complaint that would set forth his purported Eighth Amendment

claims.  For that reason alone, this Court could deny his Motion to Amend Complaint.

However, in the present case, even without a proposed second amended complaint

provided, Plaintiff's Motion to Amend Complaint can be denied on substantive grounds.

The U.S. Supreme Court has stated that leave to amend a complaint may be denied where

the amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  An amendment is

considered to be futile if "the amended complaint could not withstand a motion to dismiss under

Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Cornelia I. Crowell GST Trust v. Possis

Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008).

In the present case, Plaintiff's proposed Eighth Amendment claim is futile, because:

> "Eighth Amendment scrutiny is appropriate only after the State has complied with
> the constitutional guarantees traditionally associated with criminal prosecutions.
> . . . [The] state does not acquire the power to punish with which the Eighth

Amendment is concerned until after it has secured a formal adjudication of guilt
in accordance with due process of law."

Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) (quoting Ingraham v. Wright, 430 U.S.

651, 672-72 n.40 (1977) (alterations in Revere).  In other words, because Plaintiff has not alleged

that the limitations on his passport are the result of a *criminal* conviction, "the Eighth

Amendment has no application."  Revere, 463 U.S. at 244.

Thus, even if his Motion to Amend Complaint was procedurally proper, it would

necessarily fail as a matter of law.  Consequently, Plaintiff's Motion to Amend Complaint to

Add Claim for Violation of the Eighth Amendment to the United States Constitution, contained

within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**.

### E.  Cancellation of Hearing

The purpose of the hearing scheduled for July 14, 2014, at 2:00 p.m., in Courtroom 8E of

the U.S. Courthouse in Minneapolis, Minnesota, was ostensibly to hear argument concerning

Plaintiff's Combined Motion.  [Docket No. 68].  Because all of the motions contained within

Plaintiff's Combined Motion can be considered on the present record and are herein denied, the

aforementioned motion hearing is therefore **CANCELLED**.

### IV.   PLAINTIFF'S UNTITLED MOTION [Docket No. 71]

On June 9, 2014,[20] the same date that this Court heard argument on the Federal

Defendants' Motion to Dismiss, [Docket No. 52], Plaintiff filed a one-page document, Docket

No. 71, which included his Supplemental Memorandum with regard to the Federal Defendants'

Motion, and which also included the following motion:

---

[20] Once again, because Plaintiff made his Untitled Motion, [Docket No. 71], on June 9, 2014, nine days before the
District Court's Order, [Docket No. 72], Plaintiff's Untitled Motion can only have been directed to the undersigned,
and not to the District Judge.

> If this Court will not grant Plaintiff/Petitioner's Motion for the issue of reinstatement of his U.S. passport to be heard as a habeas corpus petition, Plaintiff/Petitioner then moves this Court to presume his injury from the government's violation of his Fifth, Eighth, and Fourteenth Amendment rights will be redressed upon a judgment preventing further violation.

(Pl.'s Untitled Mot. [Docket No. 71]).  This late filed motion merely restates motions already submitted to and decided by this Court.

As set forth in Part III.A, supra, Plaintiff's Motion for Reconsideration of whether his Amended Complaint can be considered a petition for habeas corpus has been denied, and Plaintiff's additional argument to this Court that he has shown redressability, and therefore standing, to bring his claims against the Federal Defendants has been addressed by this Court when it concluded that Plaintiff has standing.  See Part II.A, supra.

Accordingly, Plaintiff's Untitled Motion, [Docket No. 71], is **DENIED as moot**.

## V.    PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD A PARTY
[Docket No. 75]

On June 27, 2014, Plaintiff filed with this Court a document styled, "Joinder of Party," the substance of which states, in its entirety: "Plaintiff/Petitioner hereby joins the President of the United States, Barak [sic] Obama in this action and seeks from this Court against him all of the same relief sought against Secretary of State, John Kerry."  (Pl.'s Mot. Am. Compl. Add Party [Docket No. 75]).  Although Plaintiff does not style his document as a motion, he may only add a party by means of a motion to amend his complaint, and therefore, this Court construes Plaintiff's "Joinder of Party" as a Motion to Amend Complaint to Add a Party.  So construed, the motion is denied for both procedural and substantive reasons.

For the same reasons set forth in Part III.D, supra, Plaintiff's Motion to Amend Complaint to Add a Party, [Docket No. 75], is procedurally improper in that Plaintiff has not complied with Local Rule 15.1.  Because this Court has repeatedly advised Plaintiff of his

obligation to comply with the Local Rules, especially when he seeks to further amend his Amended Complaint, Plaintiff's failure to comply with respect to his present Motion is sufficient grounds to deny the Motion to Amend Complaint to Add a Party, [Docket No. 75], as procedurally improper.

Moreover, in the present case, Plaintiff's Motion to Amend Complaint to Add a Party, [Docket No. 75], is also denied on substantive grounds as futile. As set forth in Part III.D, supra, this Court can deny a motion to amend a pleading on the grounds that the amendment would be futile. Foman, 371 U.S. at 182; Cornelia I. Crowell GST Trust, 519 F.3d at 782. In the present case, Plaintiff's proposed claim against President Barack Obama is futile because Plaintiff's present Amended Complaint, [Docket No. 5], alleges no facts whatsoever that suggest any viable claim against the President, and Plaintiff has not provided the Court with a proposed second amended complaint in which he might have alleged facts that would support a claim against the President. Further, by his Motion, Plaintiff seeks specifically to assert claims for relief against the President as those he has asserted already against the Secretary of State, and for the reasons already set forth in this Order and Report and Recommendation, those claims fail. In the absence of any different factual allegations, either in the operative Amended Complaint or in a proposed second amended complaint, this Court must conclude that Plaintiff's new claim against President Obama would be futile.

Thus, even if his Motion to Amend Complaint to Add a Party was procedurally proper, it can be denied as futile. Consequently, Plaintiff's Motion to Amend Complaint to Add a Party, [Docket No. 75], is **DENIED**.

## VI.    CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY RECOMMENDED**:

1.  That the Federal Defendants' Motion to Dismiss and for Summary Judgment, [Docket No. 52], be **GRANTED**, as set forth above; and

2.  That Plaintiff's claims against the U.S. State Department and Secretary of State John Kerry be **DISMISSED <u>with</u> prejudice**.

Additionally, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

3.  That with regard to Plaintiff's Combined Motions, [Docket No. 68]:

    a.  That Plaintiff's Motion for Reconsideration, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**, as set forth above;

    b.  That Plaintiff's Motion to Certify Interlocutory Appeal, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**, as set forth above;

    c.  That Plaintiff's Motion to Amend Complaint and for a Protective Order, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED as moot**, as set forth above;

    d.  That Plaintiff's Motion to Amend Complaint to Add Claim for Violation of the Eighth Amendment to the United States Constitution, contained within Plaintiff's Combined Motions, [Docket No. 68], is **DENIED**, as set forth above; and

    e.  The hearing scheduled for July 14, 2014, at 2:00 p.m., in Courtroom 8E of the U.S. Courthouse in Minneapolis, Minnesota, is hereby **CANCELLED**;

4.  That Plaintiff's Untitled Motion, [Docket No. 71], is **DENIED as moot**, as set forth above; and

5.   That Plaintiff's Motion to Amend Complaint to Add a Party, [Docket No. 75], is

    **DENIED**, as set forth above.

Dated: July 2, 2014                                 s/Leo I. Brisbois

                                                       Leo I. Brisbois
                                                       U.S. MAGISTRATE JUDGE

### N O T I C E

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 16, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.