**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Aaron Olson, | Civil No. 13-1777 (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| James Kambiri; Ramsey County; State of Minnesota; Minnesota Attorney General, Lori Swanson; United States Department of State; and United States Secretary of State, John Kerry, | |
| Defendants. | |

**I.   Objections to the Magistrate Judge's Report and Recommendation**

This matter is before the Court upon Plaintiff Aaron Olson's ("Plaintiff") objections (Doc. No. 82) to Magistrate Judge Leo I. Brisbois's July 2, 2014 Order and Report and Recommendation ("R&R") (Doc. No. 79) insofar as it recommends that:   (1) On October 8, 2014, Defendants United States Department of State and United States Secretary of State, John Kerry (the "Federal Defendants") filed a Response to Plaintiff's objections.   (Doc. No. 85.)   Also on October 8, 2014, Defendants Ramsey County and James Kambiri ("County Defendants") filed a Response to Plaintiff's objections.   (Doc. No. 86.)   On October 14, 2014, Defendants State of Minnesota and Minnesota Attorney General, Lori Swanson ("State Defendants") filed a Response to Plaintiff's objections.   (Doc. No. 88.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections. Having carefully reviewed the record, the Court concludes that Plaintiff's objections offer no basis for departure from the R&R.

Plaintiff initiated this action seeking "reinstatement" of his passport that expired in 2008. Plaintiff is currently in arrears with his child support payments and, as a result, the Department of State "shall" deny him a passport if he seeks a new passport and "may" deny him a passport if he seeks to renew an existing passport. *See* 42 U.S.C. § 652(k)(2). In his objections, Plaintiff states: "Plaintiff/Petitioner Objects to the last Report and Rec from this Court, signed by the Honorable Magistrate Brisbois. Plaintiff's objections are sufficiently clear in his foregoing papers and evidence." (Doc. No. 82.) Plaintiff appears to be referring to the July 2, 2014 R&R (Doc. No. 79) in his objection. Based on an examination of Plaintiff's so-called "foregoing papers and evidence," it appears that Plaintiff generally objects to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss and for Summary Judgment be granted and that Plaintiff's motion for joinder and other motions be denied. Specifically, it appears that Plaintiff disputes the Magistrate Judge's determinations that: (1) Plaintiff's claim is not to be construed as a habeas corpus petition; (2) Plaintiff failed to follow the local rules as required when seeking amendment of his complaint; (3) an Eighth Amendment claim would be futile;

(4) Plaintiff received adequate due process through the state court proceedings; and

(5) Plaintiff cannot state a claim under the Americans with Disabilities Act ("ADA") or Rehabilitation Act. (*See generally* Doc. Nos. 68, 82.)

It appears from the R&R that the Magistrate Judge reviewed all of the arguments in question, and having independently considered the same, the undersigned agrees with the Magistrate Judge's determination of the issues raised by the parties' motions. (*See generally* Doc. No. 79.) The Court thus concludes, as did Magistrate Judge Brisbois, that the Federal Defendants are entitled to dismissal and judgment in this matter and that Plaintiff's motions are properly denied. Consequently, the Court adopts the R&R and grants the Federal Defendants' motion.

**II.**    ***In Forma Pauperis* on Appeal**

This matter is also presently before the Court on Plaintiff's two applications for leave to proceed *in forma pauperis* ("IFP") on appeal. (Doc. Nos. 78, 84.) Plaintiff appears to be attempting to appeal two "dismissals." The first dismissal was entered by this Court on June 18, 2014, and caused all claims against the State Defendants to be dismissed with prejudice, as well as certain claims against the County Defendants to be dismissed with prejudice and others without prejudice. (Doc. No. 74.) The second dismissal was in the form of the Magistrate Judge's July 2, 2014 R&R. (Doc. No. 79.) The July 2, 2014 R&R recommends that this Court dismiss all claims against the Federal Defendants with prejudice. (*See id.*) With this Order, the Court adopts the Magistrate Judge's July 2, 2014 R&R and dismisses any remaining claims in this case. Thus, with

this Order, all claims are dismissed, and the Court enters Judgment as to the entire case. As a result, any IFP on appeal applications filed after this Order would be properly before the Court. To conserve resources, the Court considers Plaintiff's already-filed IFP applications at this time and does so as if they were filed in light of this Order, which disposes of the case in its entirety.

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is not taken in good faith if the claims to be raised on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal courts cannot summarily dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's complaint are merely "unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, an IFP action can properly be dismissed *sua sponte* if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* (citing *Neitzke*, 490 U.S. at 325, 328).

In this case, Plaintiff's IFP applications appear to indicate that he is not currently employed and that he is receiving disability benefits. The IFP applications also appear to indicate that Plaintiff has no bank accounts and no other assets that could be used to pay the filing fee and costs for his appeal. Further, Plaintiff's IFP application to this Court was granted. (Doc. No. 6.) Based on the information furnished in Plaintiff's IFP applications, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that this action is properly dismissed, through both its previous Order Adopting Report and Recommendation for the Magistrate Judge's June 18, 2014 R&R (Doc. No. 74), as well as this Order Adopting the July 2, 2014 R&R, Plaintiff's appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. *See Neitzke*, 490 U.S. at 325. Therefore, Plaintiff's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and Plaintiff's IFP application is granted.

## ORDER

With respect to Plaintiff's objections to the R&R, and based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court **HEREBY ORDERS** the following:

1. Magistrate Judge Leo I. Brisbois's July 2, 2014 Report and Recommendation (Doc. No. [79]) is **ADOPTED**.

2. The Federal Defendants' Motion to Dismiss and for Summary Judgment (Doc. No. [52]) is **GRANTED**.

3. Plaintiff's Motion for Clarification (Doc. No. [89]) is **DENIED AS MOOT**.

4. Plaintiff's claims against the Federal Defendants are **DISMISSED WITH PREJUDICE**.

Additionally, with respect to the Motions for IFP on Appeal, and based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis on Appeal (Doc. No. [78]) is **DENIED AS MOOT**.

2. Plaintiff's Application to Proceed in Forma Pauperis on Appeal (Doc. No. [84]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:   October 23, 2014              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge